IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE


BROOKE M. SEVIER,         )
      *Plaintiff/Wife*,     )
                     )
v.                  )      **DOCKET No. 3:11-cv-00247**
                     )
MARK C. SEVIER,         )
      *Defendant/Husband*.  )

### PLAINTIFF/WIFE'S OBJECTION TO REMOVAL

**COMES** now the Plaintiff/Wife, Brooke M. Sevier, by and through counsel, pursuant to

28 U.S.C.A. 1447(c), and respectfully moves this Court for an Order remanding this case back to

the Fourth Circuit Court of Davidson County, Tennessee, a divorce court, from which it was

removed by a Notice of Removal filed March 16, 2011.  For cause, Wife would show to this

Honorable Court as follows:

1.  Wife filed her Complaint for Legal Separation in the 4th Circuit Court for Davidson

    County, Tennessee, on September 2, 2010. (Certified Copy attached as **Exhibit 1**)

2.  Wife filed her Amended Complaint for Legal Separation or Divorce in said Court on

    September 17, 2010. (Certified Copy attached as **Exhibit 2**)

3.  Husband filed his initial Answer in State Court on October 29, 2010.  The caption of this

    document did not fully state its content, as it also contained a third-party complaint

    against the Wife's father, Frank McGuyer who is Texas resident, as well as a prayer for

    relief. (A certified copy of said Answer is attached hereto as **Exhibit 3**)

4.  Husband filed his First Amended Complaint for Separation or Divorce Facts in the State

    Court on February 18, 2011, which was attached to his Notice of Removal.  This filing

    was not actually a complaint.  Instead, it was an amended answer, with counter-claims

    and third-party claims; and it added a second third-party defendant, which was Wife's

1

counsel, Helen Sfikas Rogers, a Tennessee resident.

5. During the pendency of this case, both Husband and Wife filed multiple motions. (A Docket Sheet showing the State Court filings in this matter is attached hereto as **Exhibit 4**). The Husband was present in the State Court for all motion hearings, with the exception of the first ones, and represented himself *pro se* during most of the pendency of this cause.

6. Husband filed his Notice of Removal on March 16, 2011, and provided this Court with a copy of his First Amended Complaint for Separation or Divorce Facts as the basis for removal, claiming that its third-party claims gave rise to diversity jurisdiction despite litigating this matter in State Court for the prior six months. Furthermore, Husband now claims that he is a resident of California to support removal of this case to Federal Court. However, Husband has admitted that he contacted the landlord of the marital residence in Nashville, Tennessee to prevent the lease from being terminated, because he was still living in the marital residence despite Wife being in Texas. (See Husband's First Amended Complaint for Separation or Divorce Facts at page 123).

7. Wife would show to this Honorable Court that removal of this case is impermissible because:

   a. It is well-settled that domestic relations cases are exempt from removal from State Courts to Federal Courts when such removal is based upon diversity jurisdiction. (A Memorandum of Law regarding this exception and other relevant law has been filed concurrent with the filing of this Objection);

   b. Husband's act of filing a permissive third-party claim on October 29, 2010 constitutes a waiver of his right to remove the case to Federal Court;

2

c. Under 28 <u>U.S.C.A.</u> §1446(b), if a cause of action is not removable at the inception of a case, then it only becomes removable because of some action taken by the Plaintiff. Diversity jurisdiction cannot arise from an action of a Defendant, and Husband is the Defendant in this divorce case. In other words, a Defendant cannot file a pleading in State Court that creates diversity jurisdiction and then remove the case to Federal Court.

**WHEREFORE**, the Plaintiff/Wife prays that this Court remand this case back to the Fourth Circuit Court of Davidson County, Tennessee, at Nashville. Furthermore, the Plaintiff/Wife prays that this Court find such removal was improper and award the Plaintiff/Wife attorney fees pursuant to 28 <u>U.S.C.A.</u> § 1447(c).

**Respectfully Submitted,**

**/S/**     *HELEN SFIKAS ROGERS*
**HELEN SFIKAS ROGERS, No. 7025**
**ROGERS, KAMM & SHEA**
Attorneys for Plaintiff/Wife
*The Wind in the Willows Mansion*
2205 State Street
Nashville, Tennessee 37203-1850
(615) 320-0600 (Telephone)
(615) 320-9933 (Facsimile)
**HELEN37203@AOL.COM**

3

# CERTIFICATE OF SERVICE

The undersigned certifies that on the **23rd** day of **March 2011**, a true and correct copy of a true and correct copy of the foregoing *Objection to Removal* has been forwarded to the person(s) listed below:

> **Mark C. Sevier a/k/a Chris Sevier,** *pro se*
> **c/o Severe Records, LLC**
> **44 Music Square East, #314**
> **Nashville, TN  37203**

by the method identified as follows:

     __X__ U. S. Mail, Postage Prepaid
     _____ Hand Delivered
     _____ Facsimile
     _____ Overnight Delivery
     _____ Email

                          **/S/**    *HELEN SFIKAS ROGERS*
                                  **HELEN SFIKAS ROGERS**

Case 3:11-cv-00247   Document 4   Filed 03/23/11   Page 4 of 26 PageID #: 1631



# FOURTH CIRCUIT

FILED

2010 SEP -2 PH 2: 31

RICHARD R. ROCK

D.C.

IN THE _____ COURT FOR DAVIDSON COUNTY, TENNESSEE

AT NASHVILLE

**BROOKE M. SEVIER,**
*Plaintiff/Wife,*            )
                            )
                            )
vs.                         )      DOCKET #  10D2466
                            )
**MARK C. SEVIER,**          )
*Defendant/Husband.*         )

## COMPLAINT FOR LEGAL SEPARATION

1.      Plaintiff, **BROOKE M. SEVIER**, (hereinafter called "WIFE"), is married to Defendant,

**MARK C. SEVIER,** (hereinafter called "HUSBAND"). The following is the statistical information

pertaining to said parties required by *Tennessee Code Annotated §36-4-106:*

**WIFE:**

| | | |
|---|---|---|
| a. | Full maiden name of Wife: | Brooke Ashley McGuyer |
| b. | Race: | Caucasian |
| c. | Residence Address: | 3110 West End Circle, #4 |
| | | Nashville, TN 37203 |
| | | **As of August 15, 2010** |
| | | 11007 Wickwood Drive |
| | | Houston, TX 77024 |
| d: | Length of residence in Davidson Co: | 6 years |
| e. | Date and Place of Birth: | February 1, 1980, Houston, TX |
| f. | Number of Previous Marriages: | None |
| g. | Member of Armed Services: | No |
| h. | Employer: | Self employed – Mother |

**HUSBAND:**

| | | |
|---|---|---|
| I. | Full name of Husband: | Mark Christopher Sevier |
| j. | Race: | Caucasian |
| k. | Residence address: | 3110 West End Circle, #4 |
| | | Nashville, TN 37203 |
| l. | Length of residence in Davidson Co: | 9 years |
| m. | Date and Place of Birth: | April 18, 1977, Birmingham, AL |

1

EXHIBIT
1



| n. | Number of Previous Marriages: | None |
| o. | Member of Armed Services: | Yes, 1st Lt. Jag Officer, Army National Guard |
| p. | Employer: | Self-employed – Severe Records |
| q. | Date and Place of Marriage: | June 12, 2004, Houston, TX |
| r. | Date of Separation: | August 15, 2010 |
| s. | Residence at Separation: | 3110 West End Circle, #4 Nashville, TN 37203 |
| t. | Minor children born of Marriage: | One, John Parker Sevier Date of Birth: May 13, 2010 |
| u. | Grounds for Legal Separation: | Inappropriate Marital Conduct and Abandonment |
| v. | Description of any other litigation concerning the custody of these children in this or any other state in which either party has participated: | None |
| w. | Do you currently have an Order of Protection in force in the Circuit Court of Davidson County, TN: | No |

2.     Wife would show to the Court that the Husband is guilty of inappropriate marital conduct and abandonment as will be shown at the hearing of this cause.

3.     Wife would show to the Court that she and the minor child have relocated to her parents' home in Houston, Texas, after Husband abandoned her and the minor child on or about August 15, 2010, to relocate in Los Angeles, California, to make it in the music business. Wife needs family, financial and emotional support at this difficult time.

4.     Wife would show to the Court that the parties have accumulated certain personal property and debts. Wife anticipates that the parties will enter into an Agreement or Agreed Order regarding their marital estate and would request that the Court approve said Agreement or Order and incorporate it into the Court's final order, or alternatively make an equitable division of the marital estate at the time of the legal separation.

5.     Wife would show to the Court that there is one child born of this marriage: John Parker Sevier, born May 13, 2010. The minor child has lived with the parties at 3110 West End Circle #4,

2

Copy.

Nashville, Tennessee 37203 from the date of his birth until August 15, 2010, and with the Mother at 11007 Wickwood Drive, Houston, Texas 77024 from August 15, 2010, to the present time. Mother is not aware of any other litigation pending in the State of Tennessee or any other State which involves the custody of the minor child. Mother is the fit and proper person to be named the primary residential parent of the minor child and Father be designated as the alternate residential parent.

6. Wife is economically disadvantaged and she is in need of support, *pendente lite*, rehabilitative, transitional or *in solido*.

**WHEREFORE, Wife prays that:**

1. She be granted a legal separation from the Husband on the grounds of inappropriate marital conduct and abandonment.

2. This Honorable Court adopt the Legal Separation Agreement of the parties as part of its Final Order; and/or alternatively, the Court make an equitable distribution of the assets and liabilities of this marriage at the time of the legal separation.

3. The parties be required to abide by the statutory injunctions pursuant to the provisions of T.C.A. 36-4-106(d) attached hereto as **Exhibit A**.

4. This Honorable Court adopt Mother's temporary parenting plan as attached hereto as **Exhibit B** and her permanent parenting plan and that the Mother be named the primary parent and decisionmaker for the minor child and that the Father be designated as the alternate residential parent and that Father pay child support according to the guidelines.

5. Wife be awarded alimony that is transitional, *in solido*, rehabilitative and *pendente lite* as necessary for her support and maintenance and based on her being economically disadvantaged.

6. The Court allow the parties to separate and the Mother to reside with the minor child to the Houston, Texas, area where her family resides.

3



7.     For such further and general relief to which Wife may be entitled, including an award of the

costs of this cause, including reasonable attorney fees and discretionary costs.

Respectfully submitted,

HELEN S. ROGERS, NO. 725
Attorney for Plaintiff/Wife
ROGERS, KAMM & SHEA
*Wind in the Willows Mansion*
2205 State Street
Nashville, Tennessee 37203
(615) 320-0600 (Telephone)

4

Copy

## OATH

STATE OF __Texas__     }
COUNTY OF __Harris__     }

I, **BROOKE MCGUYER SEVIER**, being first duly sworn, make oath that I have read the foregoing Complaint for Legal Separation, know the contents thereof, and that the same is true and correct to the best of my knowledge, information and belief; that this Complaint is not made out of levity, or by collusion with the Defendant, but in sincerity and truth, for the causes mentioned therein.

_Brooke M Sevier_
**BROOKE MCGUYER SEVIER, AFFIANT**

Sworn to and subscribed before me on this the __1st__ day of __Sept__, 2010.

CHRISTINE RENEE RANSOM
Notary Public, State of Texas
My Commission Expires 10-03-2013

_Christine R. Ferron_
N O T A R Y   P U B L I C

My Commission Expires: __10/3/13__.

Copy

FILED
2009 JUL 27 PM 1:55

RICHARD R. ROOKER, CLERK

_____ _____ D.C.

IN THE FOURTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

IN RE: Parenting Seminar

## ORDER

It is hereby **ORDERED, ADJUDGED** and **DECREED** that in all divorce cases filed, where there are children who will be subject to the jurisdiction of the Court, the divorcing parents shall have 60 (sixty) days from the date of filing the Divorce Complaint within which to complete the statutorily mandated parenting seminar and file the certificate from the seminar in the Circuit Court Clerk's office. If the parties are filing an uncontested/irreconcilable differences Divorce Complaint, the parties may opt to file a "Motion to Exempt" themselves from the parenting seminar if an Agreed Permanent Parenting Plan is filed with the Court.

**ENTERED** this _27th_ day of July, 2009.

_____
PHILIP E. SMITH, JUDGE

## STATE OF TENNESSEE

I, **RICHARD R. ROOKER,** Clerk of the Circuit Court for Davidson County, in the State aforesaid, do hereby certify that the foregoing is a true and correct copy of the    COMPLAINT FOR LEGAL SEPARATION heretofore entered in the    FOURTH    Circuit Court for Davidson County, Tennessee, on the   02   day of   SEPTEMBER  ,   2010  , in the Case Number   10D2466  between    SEVIER, BROOKE M.   Plaintiff, and SEVIER, MARK C.     ET.AL   Defendant.

**IN TESTIMONY WHEREOF,**    I hereunto subscribe my name and affix the seal of said Court, at office, in Nashville, the   22  day of   MARCH   in the year two thousand eleven and in the   234th   year of American Independence.

**RICHARD R. ROOKER,**   Clerk,

By   _____

Deputy Clerk

SEAL



Copy

IN THE FOURTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

FILED
2010 SEP 17 PM 3: 38
RICHARD R. ROOKER. CLERK
CHG D.C.

| | |
|---|---|
| BROOKE M. SEVIER, | ) |
|     *Plaintiff/Wife,* | ) |
| | ) |
| vs. | )      DOCKET No. 10D-2466 |
| | ) |
| MARK C. SEVIER, | ) |
|     *Defendant/Husband.* | ) |

## AMENDED COMPLAINT FOR LEGAL SEPARATION OR DIVORCE

1.    Plaintiff, **BROOKE M. SEVIER**, (hereinafter called "WIFE"), is married to Defendant, **MARK C. SEVIER**, (hereinafter called "HUSBAND"). The following is the statistical information pertaining to said parties required by *Tennessee Code Annotated* §36-4-106:

**WIFE:**

| | | |
|---|---|---|
| a. | Full maiden name of Wife: | Brooke Ashley McGuyer |
| b. | Race: | Caucasian |
| c. | Residence Address: | 3110 West End Circle, #4 |
| | | Nashville, TN 37203 |
| | | **As of August 15, 2010** |
| | | 11007 Wickwood Drive |
| | | Houston, TX 77024 |
| d: | Length of residence in Davidson Co: | 6 years |
| e. | Date and Place of Birth: | February 1, 1980, Houston, TX |
| f. | Number of Previous Marriages: | None |
| g. | Member of Armed Services: | No |
| h. | Employer: | Self employed – Mother |

**HUSBAND:**

| | | |
|---|---|---|
| I. | Full name of Husband: | Mark Christopher Sevier |
| j. | Race: | Caucasian |
| k. | Residence address: | 3110 West End Circle, #4 |
| | | Nashville, TN 37203 |
| l. | Length of residence in Davidson Co: | 9 years |
| m. | Date and Place of Birth: | April 18, 1977, Birmingham, AL |
| n. | Number of Previous Marriages: | None |
| o. | Member of Armed Services: | Yes, 1st Lt. Jag Officer, Army National Guard |

EXHIBIT 2



| p. | Employer: | Self-employed – Severe Records |
| q. | Date and Place of Marriage: | June 12, 2004, Houston, TX |
| r. | Date of Separation: | August 15, 2010 |
| s. | Residence at Separation: | 3110 West End Circle, #4 |
| | | Nashville, TN 37203 |
| t. | Minor children born of Marriage: | One, John Parker Sevier |
| | | Date of Birth: May 13, 2010 |
| u. | Grounds for Divorce or | Inappropriate Marital Conduct |
| | Legal Separation: | and Abandonment |
| v. | Description of any other litigation | |
| | concerning the custody of these | |
| | children in this or any other state in | |
| | which either party has participated: | None |
| w. | Do you currently have an Order of | |
| | Protection in force in the Circuit | |
| | Court of Davidson County, TN: | No |

2.    Wife would show to the Court that the Husband is guilty of inappropriate marital conduct and abandonment as will be shown at the final hearing of this cause.

3.    Wife would show to the Court that she and the minor child have relocated to her parents' home in Houston, Texas, on or about August 15, 2010, after Husband abandoned her and the minor child to relocate in Los Angeles, California, to make it in the music business. Wife needs family, financial and emotional support at this difficult time.

4.    Wife initially filed for a legal separation because she would have preferred their marriage be salvaged. She cannot, however, live with the Husband given his current actions, activities and unwilling to change, and thus, alternatively seeks an absolute divorce from Husband based on his inappropriate marital conduct and abandonment of her and the parties' minor child.

5.    Wife would show to the Court that the parties have accumulated certain personal property and debts. Wife anticipates that the parties will enter into a Marital Dissolution Agreement regarding their marital estate and would request that the Court approve said Marital Dissolution Agreement and

2

Copy

incorporate it into the Court's final order, or alternatively make an equitable division of the marital estate at the final hearing of this cause.

5.     Wife would show to the Court that there is one child born of this marriage: John Parker Sevier, born May 13, 2010. The minor child has lived with the parties at 3110 West End Circle #4, Nashville, Tennessee 37203 from the date of his birth until August 15, 2010, and with the Mother at 11007 Wickwood Drive, Houston, Texas 77024 from August 15, 2010, to the present time. Mother is not aware of any other litigation pending in the State of Tennessee or any other State which involves the custody of the minor child. Mother is the fit and proper person to be named the primary residential parent of the minor child.

6.     Wife is economically disadvantaged and she is in need of support, *pendente lite*, rehabilitative, transitional or *in solido*.

**WHEREFORE, Wife prays that:**

1.     She be granted a legal separation or divorce from the Husband on the grounds of inappropriate marital conduct; abandonment or irreconcilable differences and the parties restored to the rights of unmarried persons;

2.     This Honorable Court adopt the Marital Dissolution Agreement of the parties as part of its Final Order; and/or alternatively, the Court make an equitable distribution of the assets and liabilities of this marriage.

3.     The parties be required to abide by the statutory injunctions pursuant to the provisions of T.C.A. 36-4-106(d) attached hereto as **Exhibit A**.

4.     This Honorable Court adopt Mother's temporary parenting plan as attached hereto as **Exhibit B** and her permanent parenting plan and that the Mother be named the primary parent and decision-maker for the minor child.

3

Copy

5.   Husband be required to pay child support in accordance with the child support guidelines.

6.   Husband be required to maintain major medical/hospitalization insurance on the Mother and the minor child.

7.   Wife be awarded alimony that is transitional, *in solido*, rehabilitative and *pendente lite* as necessary for her support and maintenance and based on her being economically disadvantaged.

8.   The Court allow the parties to separate and the Mother to continue to reside with the minor child in the Houston, Texas, area where her family resides.

9.   For such further and general relief to which Wife may be entitled, including an award of the costs of this cause, including reasonable attorney fees and discretionary costs.

Respectfully submitted,

HELEN S. ROGERS, NO. 7250
Attorney for Plaintiff/Wife
ROGERS, KAMM & SHEA
*Wind in the Willows Mansion*
2205 State Street
Nashville, Tennessee 37203
(615) 320-0600 (Telephone)

4

Copy

## OATH

STATE OF \_\_T͞R͞X͞A͞S͞\_\_\_ }

COUNTY OF \_\_H͞A͞r͞r͞i͞S͞\_\_\_ }

 I, **BROOKE MCGUYER SEVIER**, being first duly sworn, make oath that I have read the

foregoing Amendment, know the contents thereof, and that the same is true and correct to the best of

my knowledge, information and belief; that this Amendment is not made out of levity, or by collusion

with the Defendant, but in sincerity and truth, for the causes mentioned therein.



State of Texas
Muyideen B Imoru
Notary Public
My Commission Expires 8-06-2011

_Brooke M Sevier_
**BROOKE MCGUYER SEVIER, AFFIANT**

 Sworn to and subscribed before me on this the \_16\_ day of \_September\_, 2010.

_____
N O T A R Y   P U B L I C

My Commission Expires: \_08-06-2011\_.

**STATE OF TENNESSEE**

---

I, **RICHARD R. ROOKER,** Clerk of the Circuit Court for Davidson County, in the State aforesaid, do hereby certify that the foregoing is a true and correct copy of the  AMENDED COMPLAINT  FOR LEGAL SEPARATION OR DIVORCE  heretofore entered in the  FOURTH  Circuit Court for Davidson County, Tennessee, on the  17  day of  SEPTEMBER , 2010 , in the Case Number  10D2466  between  SEVIER,  BROOKE M. Plaintiff, and  SEVIER, MARK C.  ET.AL  Defendant.

IN TESTIMONY WHEREOF,  I hereunto subscribe my name and affix the seal of said Court, at office, in Nashville, the  22  day of  MARCH  in the year two thousand eleven and in the  234th  year of American Independence.

RICHARD R. ROOKER,  Clerk,

By _____

Deputy Clerk

SEAL





| | | |
|---|---|---|
| Brooke Sevier | ) | CASE NO: |
| | ) | 10D-2466 |
| Plaintiff | ) | |
| | ) | JURY DEMAND |
| v. | ) | |
| | ) | **FILED** |
| Defendant | ) | simile Rec'd 10/22/10 @ 5:32pm |
| Chris Sevier | ) | |
| | ) | OCT 2 2 2010 |
| v. | ) | |
| | ) | RICHARD R. ROOKER, Clerk |
| Frank McGuyer | | By _____ Deputy |
| Cross Defendant | | |

## ANSWER

1. Admits, except for the fact that the Defendant's military status is currently in limbo after being discharged from active duty; the Defendant is not self employed through Severe Records LLC, which is a separate legal entity that the Defendant is employed by on some occasions; the grounds for divorce concerning abandonment and inappropriate marital conduct are improper and non-existent.

2. denies

3. denies

4. denies

5. Deny, the mother is suffering from severe mental illness and is unfit to be the primary residential custodian of the child. The child has lived in Houston Texas from mid June 2010 until present, except from August 12 - 15.

6. Deny, the wife is an interior designer as a sole proprietor. She is also an employee of Petite

15

EXHIBIT

3

Chateau. She has been performing interior design services for clients throughout the year and makes more the the Defendant, who recently returned from Combat is an effectively unemployed.

7. Denies. The differences of the parties are reconcilable. The relief requested is improper and undeserved.

## CROSS CLAIMS

## TORTIOUS INTERFERENCE OF THE MARITAL CONTRACT

1. The Cross Defendant, Frank McGuyer, has systematically and continuously interfered with the couples relationship from 2004 up to the present date.

2. The Cross Defendant ha0s made substantial and continuous bad faith attempts to compel the Plaintiff to terminate the marital contract with the Defendant for self serving reasons. The Cross Defendant has used his wealth an influence to induce the Plaintiff to terminate her marital contract with the Defendant.

3. The Cross Defendant's tortuous interference has injured the Defendant.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4. The Plaintiff and Cross Defendant have engaged in activity that a normal rational person

16

would find outrageous. This outrageous conduct has injured the Defendant.

5. The Plaintiff without warning had the couple's personal property removed from the couple's marital residence, which caused the Defendant emotional distress.

6. The Plaintiff filed for separation while residing in another state for abandonment. The Defendant drove to the Plaintiff's permanent residence to return her and the child to Tennessee. The Plaintiff refused to return with the Defendant, showing that her claim for abandonment was fraudulent. The Plaintiff and the Cross-Defendant attempted to have the Defendant arrested without cause. The malicious prosecution attempt initiated by the Plaintiff and Cross Defendant caused the Defendant to experience emotional distress.

## BREACH OF CONTRACT

7. The Defendant and Plaintiff agreed to engage in marital counseling with Andy Garner. The Defendant paid for the counseling sessions based on the Plaintiff's inducements. The Plaintiff willfully refused to communicate with the counselor, which caused the Defendant to lose the value of the contract for which he had paid.

## WRONGFUL ATTEMPT TO TERMINATE THE LEASE CONTRACT, BAD FAITH, BREACH OF CONTRACT

8. The Plaintiff attempted to terminate the lease contract with the landlord in September 2010.

17

Copy

The Plaintiff and Defendant cosigned the lease at 3110 West End Circle, Nashville, TN 37203. The Plaintiff and Defendant are jointly responsible for paying rent. The term of the lease continues. The Plaintiff's attempts to breach the lease and refusal to pay rent has injured the Defendant.

9. The Plaintiff falsely alleges that the Defendant abandoned her and the child. The Defendant attempted to bring the Plaintiff and child back to Tennessee. The Plaintiff is refusing to return to Tennessee and has in fact abandoned the Defendant. The Plaintiff attempted to terminate the couple's lease to the injury of the Defendant, as part of her efforts to abandon the Defendant.

## PARAMOUR AND CONSPIRACY TO COMMIT ADULTERY, BREACH OF CONTRACT AND INTERFERENCE WITH MARITAL RELATIONS

10. In September 2008, the Plaintiff went to Houston to stay with the Cross Defendant, while the Defendant was on active duty preparing to deploy to Operation Iraqi Freedom. The cross Defendant created a situation that caused the Plaintiff to commit adultery with a third party, which interfered with the couple's marital contract.

11. The actions of the Plaintiff and the cross Defendant injured the Defendant.

## CROSS PETITION TO VOLUNTARILY TERMINATE PARENTAL RIGHTS CONTINGENT ON A DECISION TO GRANT A DIVORCE

12. The Defendant would state that if this Court awards the Plaintiff with separation or divorce that the Defendant be permitted to voluntarily terminate his rights to the minor child of the

18

Copy

marriage. Permitting the infant to be adoptable may be in the overall best interest of the minor child if a divorce is awarded by this Court. Although the Defendant might be the father by law; he will unlikely ever be the father in fact. Whoever becomes the father in fact of the child, should likely have the right to become the father by law. This position is taken out of an abundance of good will for the Plaintiff and the child. The Defendant does not ask for this circumstance and the current actions of the Plaintiff are completely inconsistent with the promises that are at the center of the couple's marital covenant.

**WHEREFORE,**

1. The Defendant ask that the Plaintiff's complaint be dismissed with prejudice.

2. The sanctions be awarded against the Plaintiff's self serving attorney, Helen Rogers, who has a glaring conflict of interest by even taking this case and for knowingly filling a frivolous case for abandonment. And that Helen Rogers be disqualified from being involved in this case.

3. For Tax and Cost be awarded to the Defendant.

4. For the Plaintiff to be forced to return within 100 miles of the couple's marital residence with the child.

5. for general, punitive damages, attorney's fees, and any other form of equitable relief that the

19

Copy

Defendant may be entitled to.

s/Chris Sevier

44 Music Square East
Nashville, TN 37203
BPR#026577
chris@severerecords.com
(615) 500 4411

## CERTIFICATE OF SERVICE

I hereby certify that on this 22th day of October, 2010 through regular mail with adequate postage: To Helan Rogers Esq. at.2204 State Street, Nashville, TN 37203.
MOTION IS TO BE HEARD ON OCTOBER 29, 2010

20

Case 3:11-cv-00247   Document 4   Filed 03/23/11   Page 23 of 26 PageID #: 1650

## STATE OF TENNESSEE

I, **RICHARD R. ROOKER,** Clerk of the Circuit Court for Davidson County, in the State aforesaid, do hereby certify that the foregoing is a true and correct copy of the __ANSWER__ heretofore entered in the __FOURTH__ Circuit Court for Davidson County, Tennessee, on the __22__ day of __OCTOBER__ , __2010__ , in the Case Number __10D2466__ between __SEVIER, BROOKE M.__ Plaintiff, and __SEVIER, MARK C.__ ET.AL Defendant.

**IN TESTIMONY WHEREOF,** I hereunto subscribe my name and affix the seal of said Court, at office, in Nashville, the __22__ day of __MARCH__ in the year two thousand eleven and in the __234th__ year of American Independence.

**RICHARD R. ROOKER,** Clerk,

By _____
Deputy Clerk

SEAL



```
                          DAVIDSON COUNTY CIRCUIT COURT
DOCKET #  10D2466
FILED - 09/02/2010
                         (1)    SEVIER, BROOKE M.
                                    vs.
                         (4)    SEVIER, MARK C.
                                McGUYER, FRANK
                                MCGUYER, ANNE
                                ROGERS, HELEN
```

| LINE | DATE | DESCRIPTION |
|------|------|-------------|
| 1 | 09/02/2010 | DIVORCE COMPLAINT- CHILD 170007*1 476600 |
| 2 | 09/02/2010 | TEMPORARY INJUNCTION   "EX-A" |
| 3 | 09/02/2010 | PARENTING PLAN   OF P1-PROPOSED "EX-B" |
| 4 | 09/02/2010 | SUMMONS PERSONAL SERVICE-D1   W/DC,PSO,TI,PPL |
| 5 | 09/02/2010 | SEALED STATISTICAL INFORMATION |
| 6 | 09/10/2010 | RETURN OF SERVICE-D1-SERVED    RT-09.08.10 |
| 7 | 09/09/2010 | MOTION   09.17.10 - OF P TO CLOSE JOINT BANK ACCOUNTS |
| 8 | 09/17/2010 | AMENDED COMPLAINT   OF P1-LEGAL SEPARATION OR DIVORCE |
| 9 | 09/17/2010 | TEMPORARY INJUNCTION   OF P1 "EX-A" |
| 10 | 09/17/2010 | PARENTING PLAN   OF P1-PROPOSED "EX-B" |
| 11 | 09/17/2010 | SUMMONS PERSONAL SERVICE-D1   W/AC,TI,PPL |
| 12 | 09/20/2010 | MOTION    -  OF D TO STAY |
| 13 | 09/20/2010 | MEMORANDUM    OF D IN SUPP OF MOTION TO STAY |
| 14 | 09/22/2010 | LETTER SENT    TO D'S ATTY/SEVIER - NEED NEW HRG DT ON MT TO STAY |
| 15 | 09/27/2010 | NOTICE   OF P OF FILING CERT OF SERVICE OF AM COMPLAINT |
| 16 | 09/27/2010 | EXHIBIT   AS "A" CERT OF SERVICE FOR AMENDED COMPLAINT(TO NT) |
| 17 | 09/27/2010 | NOTICE   OF P1 OF EMAIL TRANSMISSIONS |
| 18 | 10/06/2010 | NOTICE   OF P OF FILING SEMINAR CERTIFICATE |
| 19 | 10/06/2010 | SEMINAR FOR DIVORCING PARENTS   (COPY)BROOKE SEIVER 10.04.10(TO NT) |
| 20 | 09/30/2010 | ORDER   ALLOWING P1 TO CLOSE JOINT BANK ACCOUNTS |
| 21 | 10/08/2010 | MOTION   10.15.10 - OF P FOR PENDENTE LITE SUPPORT AND HEALTH INSURANCE |
| 22 | 10/08/2010 | EXHIBIT   AS "A-E" COPY LTRS/EMAIL/CHILD SUPPORT WKST(TO MOTION) |
| 23 | 10/11/2010 | RESPONSE   OF D IN OPP TO P MT FOR PENDENTE LITE SUPPORT & HEALTH INS |
| 24 | 10/11/2010 | MOTION    -  OF D (EMERGENCY)TO BE HEARD TELEPHICALLY OR THROUGH SKYPE AT ALL HEARINGS OTHERAN THA |
| 25 | 10/11/2010 | MEMORANDUM   OF D IN SUPP OF MT(EMERGENCY)TO BE HEARD TELEPHONICALLY OR THROUGH SKYPE AT ALL HEARI |
| 26 | 10/11/2010 | NOTICE   (AS MT TO SET)OF D OF HRG(BD)-MT TO STAY/MT TO APPEAR TELEPHONICALLY |
| 27 | 10/11/2010 | EXHIBIT   AS COPY DISCHARGE(TO NOTICE) |
| 28 | 10/14/2010 | LETTER SENT    TO DEFT - NEED NEW HRG DT FOR MT TO SET |
| 29 | 10/14/2010 | MOTION    -  OF D (EMERGENCY)TO CONTINUE MOTIONS SET FOR OCTOBER |
| 30 | 10/14/2010 | MEMORANDUM   OF D IN SUPP OF(EMERGENCY)MT TO CONT MOTIONS SET IN OCTOBER |
| 31 | 10/14/2010 | EXHIBIT   AS "1" COPY EMAIL(TO MOTION) |
| 32 | 10/14/2010 | TRIAL EXHIBIT  1-3 IN BROWN ENVELOPE |
| 33 | 10/21/2010 | AFFIDAVIT   OF KEVIN R.WILLIAMS RE:SERVICE |
| 34 | 10/22/2010 | MOTION FOR DEFAULT   10.29.10 - OF P AND ALTERNATIVE RELIEF |
| 35 | 10/22/2010 | AFFIDAVIT   OF KEVIN R.WILLIAMS(AS "A" TO MOTION) |
| 36 | 10/22/2010 | EXHIBIT   AS "B-D" COPY EMAILS/FAX NOTICES(TO MOTION) |
| 37 | 10/22/2010 | MOTION   10.29.10 - OF D TO RETURN CHILD TO TENNESSEE |
| 38 | 10/22/2010 | MEMORANDUM   OF D IN SUPP OF MT TO RETURN CHILD TO TENNESSEE |
| 39 | 10/22/2010 | MOTION   10.29.10 - OF D FOR RECONSIDERATION AND REQUEST FOR INVOLVEMENT OF SPECIAL MATER |
| 40 | 10/22/2010 | MEMORANDUM   OF D IN SUPP OF MT FOR RECONSIDERATION & REQ FOR INVOLVEMENT OF SPECIAL MASTERS |
| 41 | 10/22/2010 | CLERK'S NOTE   ANSWER AND COUNTER..$100 ...SHC |
| 42 | 10/29/2010 | ANSWER AND CROSS COMPLAINT    (FILED 10.22.10)OF D A/G FRANK McGUYER 482394 |
| 43 | 10/29/2010 | RETURN OF SERVICE-D1-NOT FOUND    RT-10.15.10 |
| 44 | 10/28/2010 | AFFIDAVIT   OF KEVIN R WILLIAMS |
| 45 | 10/29/2010 | CONTINUANCE   11.05.10 - OF D TO RETURN CHILD TO TENNESSEE 09:00 - 4 |
| 46 | 10/29/2010 | CONTINUANCE   11.05.10 - OF D FOR RECONSIDERATION AND REQUEST FOR INVOLVEMENT OF SPECIAL MATER 09: |
| 47 | 11/01/2010 | NOTICE OF APPEARANCE    (CHRIS SEVIER)FOR D |
| 48 | 11/03/2010 | NOTICE OF APPEARANCE    (J.STEPHEN MILLS)FOR D1 |
| 49 | 10/28/2010 | ORDER   AS TO P1 MOTION FOR PENDENTE LITE SUPPORT AND HEALTH INSUR |
| 50 | 11/05/2010 | MOTION    -  OF D1 TO ENFORCE INJUNCTION CONCERNING CONFISCATION OF PROPERTY |
| 51 | 11/05/2010 | MEMORANDUM   OF D IN SUPP OF MT TO ENFORCE INJUNCTION CONCERNING CONFISCATION OF PROPERTY |
| 52 | 11/05/2010 | MOTION    -  OF D1 TO SUPPRESS EVIDENCE OR MOTION IN LIMINE |
| 53 | 11/05/2010 | MOTION    -  OF D1 (INC IN MT)(RULE 59)FOR RECONSIDERATION |
| 54 | 11/05/2010 | MEMORANDUM   OF D1 IN SUPP OF MT TO SUPPRESS OR MT IN LIMINE |
| 55 | 11/05/2010 | MEMORANDUM   (INC IN MEMO)OF D1 IN SUPP OF MT FOR RECONSIDERATION |
| 56 | 11/08/2010 | LETTER SENT    TO D'S ATTYS - NEED NEW HRG DT ON MOTIONS |
| 57 | 11/10/2010 | TRIAL EXHIBIT  1 IN BROWN ENVELOPE |
| 58 | 11/09/2010 | ORDER   D1 TO FILE RESPONSE TO COMPLAINT; PARTIES TO ENTER INTO AGREED SCHEDULING ORDER |
| 59 | 11/17/2010 | ORDER   DENY D1 MOTION TO REQUIRE P1 AND MINOR CHILD TO RETURN TO TNAND MOTION TO RECONSIDER CHILD |
| 60 | 11/24/2010 | MOTION    -  OF P FOR MEDIATION AND FOR SCHEDULING ORDER |
| 61 | 11/24/2010 | EXHIBIT   AS "A" COPY LETTER(TO MOTION) |
| 62 | 11/24/2010 | MOTION    -  OF P TO COMPEL DISCOVERY RESPONSES |
| 63 | 11/24/2010 | EXHIBIT   AS "A-B" COPY DISCOVERY/LTR(TO MOTION) |
| 64 | 12/03/2010 | MOTION   01.21.11 - OF P FOR RULE 11 SANCTIONS |
| 65 | 12/03/2010 | EXHIBIT   AS "A-E" COPY LETTERS/EMAILS(TO MOTION) |
| 66 | 12/03/2010 | NOTICE OF HEARING   01.21.11 - OF P FOR MEDIATION AND FOR SCHEDULING ORDER 09:00 - 4 |
| 67 | 12/03/2010 | NOTICE OF HEARING   01.21.11 - OF P TO COMPEL DISCOVERY RESPONSES 09:00 - 4 |
| 68 | 12/27/2010 | MOTION   01.21.11 - OF P (AMENDED)TO COMPEL DISCOVERY RESPONSES |
| 69 | 12/27/2010 | EXHIBIT   AS "A-C" COPY DISCOVERY/LTR(TO AM MOTION) |
| 70 | 01/04/2011 | MOTION    -  OF P FOR AN IMMEDIATE & EX PARTE RESTRAINING ORDER AND EXCLUSIVE POSSESSION |

EXHIBIT
4

```
 71 | 01/04/2011 | EXHIBIT  AS "1" COPY EMAILS(TO MOTION)
 72 | 01/04/2011 | AFFIDAVIT   OF FRANK MCGUYER(AS "2" TO MOTION)
 73 | 01/04/2011 | EXHIBIT  COLOR PHOTO(TO AFFIDAVIT-F.McGUYER)
 74 | 01/04/2011 | AFFIDAVIT   OF BROOKE McGUYER SEVIER(AS "3" TO MOTION)
 75 | 01/04/2011 | EXHIBIT  COLOR PHOTO(TO AFFIDAVIT-B.SEVIER)
 76 | 01/04/2011 | COURT DATE   01.13.11 - 4 - 9:00 AM 15 MIN/SIDE
 77 | 01/04/2011 | RESTRAINING ORDER   A/G D1
 78 | 01/04/2011 | SUMMONS PERSONAL SERVICE-D1   W/ROM
 79 | 01/10/2011 | MOTION   02.04.11 - OF P TO WAIVE MEDIATION AND FOR PSYCHOLOGICAL EXAMINATION
 80 | 01/11/2011 | RETURN OF SERVICE-D1-SERVED   RT-01.05.11  CT-01.13.11
 81 | 01/11/2011 | MOTION   02.04.11 - OF P TO QUASH 1st SET OF INTERROGATORIES
 82 | 01/11/2011 | EXHIBIT  AS "A" COPY 1st SET INTERROGATORIES(TO MOTION)
 83 | 01/13/2011 | NOTICE   OF P OF FILING TRANSCRIPT OF 01.13.11 4TH CT HRG
 84 | 01/13/2011 | TRANSCRIPT   (COND)OF 01.13.11 4th CIRCUIT HRG(AS "A" TO NT)
 85 | 01/13/2011 | TRIAL EXHIBIT  1-12 IN ACCORDIAN FILE
 86 | 01/18/2011 | NOTICE OF HEARING   02.04.11 - OF P TO WAIVE MEDIATION AND FOR PSYCHOLOGICAL EXAMINATION 09:00 - 4
 87 | 01/18/2011 | NOTICE OF HEARING   02.04.11 - OF P TO QUASH 1st SET OF INTERROGATORIES 09:00 - 4
 88 | 01/18/2011 | NOTICE INSURANCE COVERAGE   OF P
 89 | 01/19/2011 | NOTICE OF HEARING   02.18.11 - OF P TO COMPEL DISCOVERY RESPONSES 09:00 - 4
 90 | 01/19/2011 | NOTICE OF HEARING   02.18.11 - OF P FOR MEDIATION AND FOR SCHEDULING ORDER 09:00 - 4
 91 | 01/19/2011 | NOTICE OF HEARING   02.18.11 - OF P FOR RULE 11 SANCTIONS 09:00 - 4
 92 | 01/19/2011 | NOTICE OF HEARING   02.18.11 - OF P TO WAIVE MEDIATION AND FOR PSYCHOLOGICAL EXAMINATION 09:00 - 4
 93 | 01/19/2011 | NOTICE OF HEARING   02.18.11 - OF P TO QUASH 1st SET OF INTERROGATORIES 09:00 - 4
 94 | 01/19/2011 | NOTICE OF HEARING   02.18.11 - OF P (AMENDED)TO COMPEL DISCOVERY RESPONSES 09:00 - 4
 95 | 01/14/2011 | ORDER   P1 GRANTED POSSESSION OF MIOR CHILD/D1 ENJOIN-RESTRAINED/JURISDICTION IN TN
 96 | 01/25/2011 | CERTIFICATE OF READINESS   OF P - 1 DAY
 97 | 01/25/2011 | NOTICE   OF P OF FILING 01.13.11 HRG TRANSCRIPT
 98 | 01/25/2011 | TRANSCRIPT   (BOUND)OF 4th CT 01.13.11 HRG
 99 | 01/26/2011 | MOTION TO SET   02.18.11 - OF P FINAL HEARING
100 | 01/26/2011 | CERTIFICATE OF READINESS   (COPY)OF P(TO MT TO SET)
101 | 02/18/2011 | NOTICE   OF D1 OF FILING 1st AM CROSS-COMPLAINT(ADD DEFTS)
102 | 02/18/2011 | AMENDED COMPLAINT   (CROSS)OF D1 FOR SEPARATION OR DIVORCE FACTS
103 | 02/18/2011 | EXHIBIT  AS "O-Z" COPY(TO 1st AM CROSS-COMPLAINT) (IN 2 EXPANDABLES)
104 | 02/22/2011 | MOTION   03.25.11 - OF P (FIRST)FOR RULE 11 SANCTIONS
105 | 02/22/2011 | EXHIBIT  AS "A-E" COPY LTRS/EMAILS(TO MOTION)
106 | 02/22/2011 | MOTION   03.25.11 - OF P (SECOND)FOR RULE 11 SANCTIONS
107 | 02/22/2011 | EXHIBIT  AS "A" COPY LETTER(TO MOTION)
108 | 02/18/2011 | TRIAL EXHIBIT  1 IN BROWN ENVELOPE
109 | 03/01/2011 | MOTION   03.25.11 - OF D FOR RECUSAL
110 | 03/01/2011 | MEMORANDUM   OF D IN SUPP OF MT FOR RECUSAL
111 | 03/11/2011 | MOTION   03.25.11 - OF P (RULE 37.02)FOR SANCTIONS
112 | 03/11/2011 | EXHIBIT  AS "A-G" COPY DISCOVERY/LTR/MT/TRANSCRIPT(TO MOTION)
113 | 03/11/2011 | MOTION   03.25.11 - OF D (RULE 14)TO ACCEPT COMPLAINT OR TO PERFECT COMPLAINT BY ALLOWING NECESSA
114 | 03/11/2011 | MEMORANDUM   OF D1 IN SUPP OF(RULE 14)MT TO ACCEPT COMPLAINT OR PERFECT COMPLAINT BY ALLOWING NECE
115 | 03/11/2011 | MOTION   03.25.11 - OF D (EMERGENCY)TO RESET OR TO CONTINUE HEARING SET 03.25.11
116 | 03/11/2011 | MEMORANDUM   OF D1 IN SUPP OF(EMERGENCY)MT TO RESET OR CONTINUE 03.25.11 HRGS
117 | 03/11/2011 | NOTICE   OF P OF FILING TRANSCRIPT OF 02.18.11 HEARING
118 | 03/11/2011 | TRANSCRIPT   (BOUND)OF 02.18.11 4th CIRCUIT HEARING
119 | 03/07/2011 | ORDER   WAIVE MEDIATION/DENY MT TO SET/COMMUNICATE BY USPS
120 | 03/14/2011 | RESPONSE   OF P TO D MOTION FOR RECUSAL
121 | 03/14/2011 | MEMORANDUM   (INC IN RESP)OF P IN SUPP RESP TO MT TO RECUSE
122 | 03/14/2011 | EXHIBIT  AS COPY TEXAS WARRANT(TO RESPONSE)
123 | 03/16/2011 | NOTICE   OF D1 OF FILING REMOVAL W/U.S.DISTRICT COURT
124 | 03/16/2011 | EXHIBIT  AS COPY NOTICE OF REMOVAL(TO NOTICE)
```